UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD HENDON, JR.,

    Plaintiff,

vs.

Case No. 17-CV-12434

HON. GEORGE CARAM STEEH
MAG. JUDGE PATRICIA MORRIS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 20]

Plaintiff Charles Edward Hendon, Jr. challenges defendant Commissioner of Social Security's denial of his claim for Supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB"). Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On December 20, 2017, Magistrate Judge Morris issued a report recommending that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff filed timely objections to that report which this

- 1 -

court has duly considered. For the reasons set forth below, this court shall accept and adopt the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

Plaintiff raises two objections to the report and recommendation. The first objection relates to the ALJ's disregard of the decision of the

Department of Veteran Affairs. The second objection is that the Magistrate Judge implied a rejection of a limitation that did not expressly appear in the ALJ's decision.

I. <u>Objection No. 1</u>

Social Security Ruling 06-3p requires the ALJ to evaluate all record evidence, including decisions by other government agencies. In this case there was a decision by the Department of Veteran Affairs that plaintiff "would not be able to maintain substantial gainful employment." The ALJ acknowledged the VA decision and the SSR, but reasoned that the VA findings are subject to a more lenient standard than the Social Security Agency applies. For this reason, the ALJ gave the VA determination "little weight." In making this determination, the ALJ considered the record evidence at length and in detail.

The ALJ provided sufficient information in the decision for the Magistrate Judge to conduct a meaningful review. The Magistrate Judge found that the ALJ's "election to discount [the VA's] determination reflects an implicit finding that the VA's more lenient standards motivated its favorable findings, and that the same evidence was not sufficient to prove more severe limitations in the Social Security context."

Plaintiff's specific objection is that the Magistrate Judge suggests that consideration of the evidence underlying the VA's decision is the equivalent of considering the VA's decision itself.  In fact, the ALJ acknowledged the VA's decision, the requirement that the decision is entitled to consideration, and the record evidence.  The ALJ did consider the VA decision but determined that it was entitled to little weight.  In conducting her review, the Magistrate Judge found that the ALJ gave proper consideration to the VA determination, giving it little weight for the implicit reason that the evidence was sufficient to support the VA's standard but not that applied by the Social Security Agency.

The court finds that plaintiff's objection is unavailing.

II.     Objection No. 2

Plaintiff's second objection is to the ALJ's failure to include only occasional reaching in his Residual Functional Capacity (RFC) assessment limitations while giving great weight to the opinions of the medical expert, Dr. Morton Tavel.  Dr. Tavel opined that "the claimant can never reach overhead with the bilateral hands, [and] can occasionally reach . . . ."  The ALJ adopted Dr. Tavel's opinion as to plaintiff's inability to reach overhead, but did not include his limitation to engage only occasionally in other

reaching. All are in agreement that the "ALJ is only required to incorporate into a hypothetical question those limitations he finds credible." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013). The ALJ's review of the evidence supports his conclusion not to include Dr. Tavel's suggested reaching limitation in the RFC despite generally giving Tavel's opinion "great weight." While the ALJ did not expressly discredit Dr. Tavel's "other reaching" limitation, as pointed out by plaintiff, he also did not purport to adopt all of Dr. Tavel's recommended limitations. The Sixth Circuit has recognized there is no requirement that an ALJ adopt a source's limitations "wholesale" even when he or she grants that opinion great weight. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

The court finds plaintiff's second objection to be unavailing.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 20).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 19) is GRANTED, plaintiff's motion for summary judgment [Doc. 17) is DENIED, plaintiff's objections (Doc. 21) are

OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated: July 16, 2018

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 16, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---